**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHNNIE DAVID WHITT,

    Petitioner,                                  Civil No. 4:06-11737
                                                            HONORABLE PAUL V. GADOLA
v.                                                      UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**THE MOTION FOR RELIEF FROM JUDGMENT**

    Johnnie David Whitt, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed an independent action for relief from judgment under Fed. R. Civ. P. 60(b)(6). In his *pro se* application, petitioner seeks relief from this Court's prior opinion and order which summarily dismissed petitioner's habeas application pursuant to the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Also before this Court is Petitioner's, May 8, 2006, motion to amend his original motion for relief. For the reasons stated below, the motion for relief from judgment is DENIED and the motion to amend the motion for relief from judgment is also DENIED.

**I. Background**

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 27, 2000, in which he challenged his conviction for first degree murder, M.C.L.A. 750.316; M.S.A 28.548; and felony-firearm, M.C.L.A. 750.227b; M.S.A. 28.424(2). Respondent filed a motion to

dismiss, contending that the petition was barred by the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (A.E.D.P.A.) Petitioner filed a response to the motion to dismiss.

This Court dismissed the habeas petition as being time-barred pursuant to 28 U.S.C. § 2244 (d)(1). *Whitt v. Smith,* U.S.D.C. No. 00-40128-FL (E.D. Mich. March 14, 2001); *appeal dism.,* U.S.C.A. No. 01-1522 (6th Cir. October 26, 2001); *reconsideration den.,* (6th Cir. February 28, 2002); *cert. den.,* 537 U.S. 912 (2002).

Petitioner has now filed a motion for relief from judgment, in which he challenges this Court's prior ruling that his habeas petition was not filed in compliance with the AEDPA's one year statute of limitations.

## II. Discussion

As a threshold matter, this Court needs to determine whether petitioner's motion for relief from judgment should be considered a second or successive petition for writ of habeas corpus for which prior authorization from the Sixth Circuit would be required.          Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the Court of Appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

2

The United States Supreme Court has held that a habeas petitioner's Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct.2641, 2647-48 (2005). Thus, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 2649. However, where a habeas petitioner's Rule 60(b) motion does not attack the substance of the federal court's resolution of the petitioner's claims, but some "defect in the integrity of the federal habeas proceedings," it should not be treated as a second or successive habeas petition for which authorization is required from the court of appeals pursuant to § 2244(b). *Id.* at p. 2648.

In this case, petitioner's current motion for relief from judgment challenges this Court's previous ruling that his habeas petition was time-barred pursuant to 28 U.S.C. § 2244(d). As such, it does not qualify as a second or successive habeas petition for which authorization would be required. *Gonzalez,* 125 S. Ct. at 2650. Accordingly, the Court will address the arguments raised by petitioner in his motion.

Rule 60(b)(6) has been narrowly interpreted to allow relief from judgment only in exceptional or extraordinary circumstances. *See In Re Abdur-Rahman v. Bell,* 392 F. 3d 174, 183

(6th Cir. 2004); *See also Atkins v. Foltz,* 301 F. Supp. 2d 662, 663 (E.D. Mich. 2004).

Petitioner first argues that this Court erred in dismissing his habeas petition as time-barred without addressing the merits of his underlying claims. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). Because petitioner's habeas application was untimely, the Court did not err in declining to address the merits of petitioner's substantive claims.

Petitioner next claims that this Court failed to consider his claim of actual innocence as grounds to toll the statute of limitations. At the time that the Court originally dismissed the habeas petition, the Sixth Circuit had yet to determine whether there was an actual innocence exception to the statute of limitations.

The Sixth Circuit has subsequently held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal

insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Contrary to petitioner's assertion, this Court did address the possibility of a habeas petitioner's actual innocence as grounds to toll the limitations period. The Court concluded that petitioner was not entitled to tolling of the limitations period on this basis, first, because he had failed to diligently pursue his claims in the federal or state courts, and second, because he had failed to offer any new, reliable evidence that he was actually innocent. The Court further noted that petitioner's sufficiency of evidence claim was insufficient to establish his actual innocence so as to toll the limitations period. *Whitt v. Smith,* Slip. Op. at * 8-10.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003);

Petitioner has also filed a motion to amend his Rule 60(b) motion for relief from judgment. In his motion to amend, petitioner claims that this Court erred in overlooking case law which allows statutory tolling of the limitations period during the time in which a motion for reconsideration could have been filed. The Court assumes that petitioner is referring to the argument that he raised in his

original habeas proceeding that the limitations period should be tolled during the period in which he could have sought certiorari with the U.S. Supreme Court following the denial of his post-conviction appeal by the Michigan Supreme Court.

At the time of petitioner's original habeas application, the Sixth Circuit held that 28 U.S.C. § 2244(d)(2) did not toll the limitations period from the time that state post-conviction relief is denied by the state supreme court until the time in which a petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court. *Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000). On October 22, 2003, the Sixth Circuit abrogated its holding in *Isham* and held that the AEDPA's limitations period should be tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion expired. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003).

Petitioner is not entitled to relief from judgment on this basis for several reaons. First, his motion for relief from judgment would be untimely. Although Federal Rules of Civil Procedure 60(b) does not prescribe a specific time frame under which a motion made pursuant to subsection (6) must be made, the rule mandates that such a motion must be made within a reasonable time. *In Re Abdur-Rahman,* 392 F. 3d at 185; *Atkins,* 301 F. 3d at 663. Petitioner is not entitled to relief from judgment pursuant to Rule 60(b)(6) on this basis because he did not act within a reasonable time in bringing his motion for relief from judgment following the Sixth Circuit's decision in *Abela*. *Atkins,* 301 F. Supp. 2d at 664. Petitioner waited two and a half years after the Sixth Circuit issued its decision in *Abela* to file his motion for relief fom judgment. Petitioner's motion for relief from

judgment is untimely, where the legal predicate for his motion existed for over two and a half years prior to petitioner filing his motion for relief from judgment. *See Gaskins v. Duval,* 336 F. Supp. 2d 66, 69-70 (D. Mass. 2004).

Moreover, as the Supreme Court indicated in *Gonzalez,* a change in a court's interpretation of the AEDPA's statute of limitations does not qualify as an extraordinary circumstance that would justify relief from judgment pursuant to Rule 60(b)(6). *Gonzalez,* 125 S. Ct. 2651. Under *Gonzalez*, a decision affecting a court's calculation of the statute of limitations, such as *Abela*, does not create an extraordinary circumstance that would warrant relief under Fed. R. Civ. P. 60(b)(6). *See Jones v. Gundy,* 2006 WL 839088, * 5 (W.D. Mich. March 24, 2006).

Assuming that petitioner is contending that this Court failed to toll the limitations period during the time that he could have sought reconsideration with the Michigan Supreme Court, he would not be entitled to relief from judgment. The Michigan Supreme Court denied petitioner's post-conviction appeal on January 31, 2000. Under M.C.R. 7.313(E), petitioner had twenty one days from this date to file a motion for reconsideration. Petitioner never filed a motion for reconsideration in this case. Even if this twenty one day period was tolled, the tolling would have ended on February 21, 2000. Petitioner had only eight days remaining on the one year limitations period when his state post-conviction proceedings were filed. Because the habeas petition was not filed in this case until March 27, 2000, the petition would have been untimely, even if the limitations period was tolled for the twenty one day period in which petitioner could have sought reconsideration of the denial of his post-conviction appeal with the Michigan Supreme Court. Petitioner is therefore not entitled to relief from judgment.

### III.  ORDER

Accordingly, the Court **DISMISSES** the motion for relief from judgment pursuant to Rule 60(b)(6) and **DISMISSES** his motion to amend his motion for relief from judgment pursuant to Rule 60(b)(6).

**SO ORDERED.**

Dated:   May 23, 2006                                    s/Paul V. Gadola
                                                                          HONORABLE PAUL V. GADOLA
                                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 24, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                          Johnnie Whitt                             .

                                                                          s/Ruth A. Brissaud
                                                                          Ruth A. Brissaud, Case Manager
                                                                          (810) 341-7845

8